UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RAYMOND CHARLES COX,

           Petitioner,

  v.                                                    Civil Action No.
                                                      9:12-CV-00491 (DNH)

WARDEN, FCI RAY BROOK,

           Respondent.
_____

APPEARANCES:

RAYMOND CHARLES COX
#31902-177
Petitioner, pro se
Ray Brook Federal Correctional Institution
P.O. Box 300
Ray Brook, NY 12977


DAVID N. HURD
United States District Judge

## DECISION and ORDER

      Petitioner Raymond Charles Cox has filed a motion for relief from judgment pursuant to Rule 60(b)(3) and (6) of the Federal Rules of Civil Procedure. Dkt. No. 6. For the reasons that follow, the motion will be denied.

      On March 16, 2012, petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he argued that his sentence is not being executed in accordance with the judgment and commitment order issued in his underlying criminal case. Dkt. No. 1 at 4-5; see United States v. Cox, 5:05-CR-00081-C-BG-1, Dkt. No. 41 (Judgment in a Criminal Case, at 1-2). Petitioner claimed that he was being detained at FCI Ray Brook, a facility he claimed was "outside of the

Special/Maritime and territorial jurisdiction of the United [S]tates" within the meaning of 18 U.S.C. § 7(3). Dkt. No. 1 at 4-5.

In a Decision and Order dated March 22, 2012, the petition was dismissed based upon a finding that petitioner's sentence was being executed in accordance with the commitment order. Dkt. No. 3 at 4. Petitioner's argument that FCI Ray Brook was not located within the territorial jurisdiction of the United States was also rejected. Id.

As relevant here, Rule 60(b) provides that a party may seek relief from a prior judgment based upon a showing of: (3) fraud . . . misrepresentation, or other misconduct by an opposing party; or (6) any other reason that justifies relief. FED. R. CIV. P. 60(b)(3), (6). A Rule 60(b) motion may be used to attack "the integrity of the previous habeas proceeding," but it may not be used as a vehicle to reargue the merits of the challenged decision. See Gonzalez v. Crosby, 545 U.S. 524, 529, 532 (2005) (holding that a Rule 60(b) motion may be appropriate under 28 U.S.C. § 2254 if the motion "attacks not the substance of the federal court's resolution of a claim on the merits, but some defect[1] in the integrity of the federal habeas proceedings."); Van Gorder v. Allerd, No. 01-CV-6538, 2008 WL 822018, at *2 (N.D.N.Y. Mar. 26, 2008) (Bianchini, M.J.) ("Importantly, Rule 60(b) is not a vehicle for rearguing the merits of the challenged decision.") (emphasis in original).

The arguments in petitioner's motion do not satisfy either Rule 60(b)(3) or (6).

---

[1] "Fraud on the federal habeas court is one example of such a defect." Gonzalez, 545 U.S. at 532 n.5.

2

Gonzalez, 545 U.S. at 531-32.  Rather, his argument is that his petition was incorrectly dismissed, and he raises the same arguments set forth in his habeas petition. Dkt. No. 6 at 1-8; Dkt. No. 1. Those arguments have already been considered and rejected.  To the extent that petitioner claims that there was a fraud upon the court, or misconduct by the respondent because the respondent did not answer the allegations in his petition, Dkt. No. 6 at 4-5, that claim is without merit because the petition was dismissed without a response required from the respondent. Accordingly, petitioner's motion is outside the scope of Rule 60(b), and will be denied.

Therefore it is

ORDERED, that

1.  Petitioner's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) is DENIED;

2.  No Certificate of Appealability ("COA") shall issue because petitioner has failed to make a "substantial showing of the denial of a constitutional right" as 28 U.S.C. § 2253(c)(2) requires; and

3.  The Clerk of the Court shall serve a copy of this Decision and Order upon petitioner in accordance with the Local Rules.

IT IS SO ORDERED.

United States District Judge

Dated: April 30, 2012
       Utica, New York.